**REVISED**

United States Court of Appeals,

Fifth Circuit.

No. 97-00341.

In re Robert Wallace WEST, Jr., Applicant.

July 25, 1997.

Appeal from the United States District Court for the Southern District of Texas.

*On Application for Order Authorizing District Court to Consider Second Federal Habeas Corpus Petition*

Before POLITZ, Chief Judge, and JOLLY and JONES, Circuit Judges.

POLITZ, Chief Judge:

Robert Wallace West, Jr. has filed a motion for stay of execution and an application for an order authorizing the district court to consider a second petition for writ of habeas corpus under 28 U.S.C. § 2244(b)(3)(A). Concluding that West has failed to meet the requirements set forth in the successive writ provision of the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(b), we deny both of West's requests.

Section 2244(b)(1) states that, "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." If the claim is presented for the first time in a second or successive application, section 2244(b)(2) provides that the claim will be dismissed unless it "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or it relies on previously

1

undiscoverable facts that "would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." Before we may authorize West to file a second petition in the district court he must make a prima facie showing that the application satisfies the requirements of section 2244(b).[1]

West contends that his death sentence violates his substantive due process and equal protection rights guaranteed by the fourteenth amendment. The Supreme Court has upheld both the constitutionality of the death penalty and Texas's capital sentencing procedures,[2] and there has been no change in the law that favors West.

West next contends that the prosecution withheld evidence that would have enabled him to prove his innocence of capital murder. Alternatively he claims that his trial counsel was ineffective for failing to uncover the exculpatory evidence. Those same contentions were made in West's prior section 2254 application to this court. That claim is therefore dismissed under section 2244(b)(1).[3]

_____

[1] 28 U.S.C. § 2244(b)(3)(C).

[2] *Jurek v. Texas*, 428 U.S. 262, 96 S.Ct. 2950, 49 L.Ed.2d 929 (1976).

[3] West maintains that section 2244(b)(1) is unconstitutional because it prescribes rules of decision, violates due process and equal protection, and suspends the writ of habeas corpus as applied to him. In *Felker v. Turpin*, --- U.S. ----, ----, 116 S.Ct. 2333, 2340, 135 L.Ed.2d 827 (1996), the Supreme Court found that the new restrictions on successive petitions did not suspend the writ of

We note, however, that even if we were to view this claim under section 2244(b)(2) as resting upon previously undiscoverable evidence, it would not have changed the outcome of the verdict, a necessary requirement for the relief he seeks. West claims that he could not have been convicted of capital murder absent evidence that he stole a necklace in the course of the murder. In his first section 2254 application to this court we held that even if the theft of the necklace had not been presented to the jury, West still would have been found guilty of capital murder.[4] West has failed to make a prima facie showing which meets the requirements of section 2244(b)(2).

Finally, West contends that he was sentenced to death based upon materially inaccurate information. In the sentencing phase of a capital case in Texas the jury is presented with two, or sometimes three, questions.[5] The second question asked is whether the defendant is likely to commit future acts of violence that would constitute a threat to society. West insists that the jury made a factually incorrect prediction of his future dangerousness because his institutional record reflects that he has committed no criminal acts of violence that pose a threat to society.

---

habeas corpus and merely constituted "a modified res judicata rule." Although the Supreme Court did not address all of the constitutional challenges raised by West, we need not resolve those issues today. As stated in the text, even if we applied section 2244(b)(2) rather than 2244(b)(1), our result would remain the same.

[4]*West v. Johnson*, 92 F.3d 1385 (5th Cir.1996), *cert. denied,* --- U.S. ----, 117 S.Ct. 1847, --- L.Ed.2d ---- (1997).

[5]*Jurek.*

3

West contends that the facts upon which this claim is based have not been available until now—when his execution is imminent and the record complete. Even if we view West's claim as relying upon a previously undiscoverable factual predicate, he fails to demonstrate that he would be able to prove by clear and convincing evidence that no reasonable factfinder would have found West guilty had they known that while he was on death row, he would not commit any further acts of violence. Additionally, West's claim is not based upon a new rule of constitutional law made retroactive on collateral review by the Supreme Court.

For the foregoing reasons West's application for an order authorizing the filing of a second habeas petition is DENIED. Accordingly there are no grounds for staying the execution and the motion for stay of execution necessarily is DENIED.

4